UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RIVERA; CARMEN MARTINEZ, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA COMMUNITY HOUSING AGENCY, et al., <br><br> Defendants. | No. 2:21–cv–0651–TLN-CKD PS <br><br><br> ORDER TO SHOW CAUSE |

      On April 12, 2021, plaintiffs filed a fee-paid complaint initiating this action asserting California state landlord-tenant claims against three named defendants.[1] (ECF No. 1.) Because plaintiffs fail to adequately allege the citizenship of each party named in their suit, however, the court cannot determine whether it has subject-matter jurisdiction to hear this case. Accordingly, the court issues this show cause order to require plaintiffs to amend their complaint to properly allege the basis for the court's jurisdiction.

      None of the defendants have yet appeared or responded to the complaint, and presumably plaintiffs are still in the process of serving them. But courts have "an independent obligation to

---

[1] Because plaintiffs are representing themselves in this action, all pre-trial proceedings are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Federal district courts have "diversity" jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the case is between "citizens of different States." 28 U.S.C. § 1332(a)(1). This provision requires complete diversity of citizenship between the parties. "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); see Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007). Importantly, "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Failure to specify each party's state citizenship is fatal to an assertion of diversity jurisdiction. Id.

Plaintiffs' complaint only briefly addresses the court's jurisdiction, stating:

> Diversity jurisdiction exists because Plaintiffs reside in Idaho and all name[d] Defendants live in, are organized in, or have as their principal place of business in California, and this Complaint seeks damages in an amount qualifying for Diversity Jurisdiction. Defendants have been unable to obtain fair legal treatment in California due to substantial judicial corruption.

(ECF No. 1 at 2, Compl. ¶ 5.) These allegations are not nearly specific enough and do not provide the information needed to assess the citizenship of each party.

The parties to this suit are the two plaintiffs (natural persons), and three named defendants: (1) California Community Housing Agency, a Joint Exercise of Powers Agency, (2) AMFP III Verdant, LLC, the former owner of the rental property where plaintiffs used to live, and (3) Greene, Fidler & Chapman, LLP, a law firm allegedly hired to bring eviction proceedings against plaintiffs.

First, plaintiffs fail to allege their own citizenship. For purposes of determining diversity of citizenship, an individual person is deemed to be a citizen of the state in which he or she is

"domiciled." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).

As to themselves, plaintiffs allege only that they "reside in Idaho." (ECF No. 1 at 2.) But residency is not the same as "domicile." Alleging that a person is a "resident" of a state is not adequate for purposes of alleging state citizenship, because a natural person's state citizenship is "determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter, 265 F.3d at 857. Although it appears likely that plaintiffs are citizens of Idaho, the court requires full clarity as to whether plaintiffs can allege in good faith that they are also "domiciled" in Idaho.

Second, and of greater concern to the court, plaintiffs fail to allege the necessary facts to establish the citizenship of the two unincorporated entities they are suing: AMFP III Verdant, LLC ("AMFP") and Greene, Fidler & Chapman, LLP ("Greene"). The citizenship of a limited liability company, partnership, or other unincorporated entity is the citizenship of each of its owners/members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899, 902 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Plaintiffs have not identified any of AMFP's or Greene's owners/members or their respective citizenships—except that they allege that Greene's "princip[al] agent" is one Gary Fidler. (ECF No. 1 at 1-2.) Without this information, the court cannot determine whether AMFP or Greene might be a citizen of the same state as plaintiffs (presumably, Idaho). Plaintiffs' brief assertion that all named defendants "live in, are organized in, or have as their principal place of business in California" does not help. (See ECF No. 1 at 2.) The state in which an LLP or LLC is organized, or in which it has its principal place of business, does not establish its citizenship for purposes of diversity jurisdiction. Rather, these entities are considered citizens of every state of which any of their owners/members are citizens.

If plaintiffs choose to file an amended complaint, such complaint must include a complete

3

list of the members/owners of AMFP and Greene—and each member's state citizenship(s). The members' citizenships are determined as follows. If the owners/members of Greene, Fidler & Chapman, LLP, for instance, are natural persons such as Mr. Fidler, plaintiffs would have to allege the state in which Mr. Fidler (and each of the other LLP members) is domiciled.[2] Or it may be that the members of the LLP or LLC are in turn also unincorporated entities. In that case, plaintiffs must allege the citizenship of those member entities as well by identifying the citizenship of *their* members. See Johnson, 437 F.3d at 899 (examining corporate citizenship of a limited partnership whose partners included LLCs by looking to the citizenship of the members/owners of those LLCs). Finally, if the LLP or LLC's owners/members include a corporation, the corporation's citizenship is every state in which it is incorporated as well as the state in which its principal place of business is located. Id.; 28 U.S.C. § 1332(c)(1).

Greater detail regarding the nature of the third defendant, California Community Housing Agency ("CalCHA"), would be helpful. But the current allegations are enough for the court to assume—at least for now—that CalCHA is a citizen of California, based on publicly available information and plaintiffs' assertion that CalCHA is a joint powers agency. See Joint Exercise of Powers Act, Cal. Gov't Code §§ 6500–6599.3 (allowing two or more public agencies to create a separate governmental agency for purpose of jointly exercising common powers, id. §§ 6502, 6503.5, 6507); San Diegans for Open Gov't v. City of San Diego, 242 Cal. App. 4th 416, 444 (2015); see also https://www.calcha.org/ ("California Community Housing Agency ('CalCHA') is a political subdivision of the State of California established by Kings County and the Housing

////

////

---

[2] Plaintiffs are cautioned that "principals" are not necessarily "members" of an LLC or LLP. "[A]lthough a member of a limited liability company may serve as its principal, one may also serve as a principal of a limited liability company without being its member. The terms are not synonymous." Varney v. Air & Liquid Sys. Corp., No. C17-1902JLR, 2018 WL 656028, at *2 n.1 (W.D. Wash. Feb. 1, 2018). An LLC or LLP's citizenship depends on the citizenship of its *members*, not its principals.

Authority of Kings County, California under the Joint Exercise of Powers Act.").[3]

At this early juncture, the court will not require plaintiffs to prove the large and largely unexplained sums of damages alleged in their complaint. (See ECF No. 1 at 10 (seeking, among other things, $4.1 million dollars in "general and special damages" and $2,000 per retaliatory act per day they continued).) Accordingly, unless and until challenged by a party, the court assumes that section 1332(a)'s amount-in-controversy requirement is met in this case. See Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."); see id. (where plaintiff files suit originally in federal court, raising traditional state law claims, and complaint affirmatively alleges an amount in controversy that exceeds the jurisdictional threshold, "the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less").

The above-identified defects regarding the parties' citizenship may be overcome by amendment. Kanter, 265 F.3d at 857. The court will therefore allow plaintiffs to file a First Amended Complaint that, in good faith, alleges complete diversity of citizenship between the parties.[4] To summarize, the First Amended Complaint must allege the state of citizenship of each plaintiff as well as each member of AMFP III Verdant, LLC, and Green, Fidler & Chapman, LLP. And no member of the defendant entities can share a common state of citizenship with either of the plaintiffs. If plaintiffs cannot in good faith make such allegations, they shall instead file a

////

---

[3] As an apparent "political subdivision" of the state of California, CalCHA qualifies as a citizen of California. See Moor v. County of Alameda, 411 U.S. 693, 717-18 (1973) (although states and state agencies have no state "citizenship" for purposes of diversity jurisdiction, "a political subdivision of a state is a citizen of that state for diversity purposes unless it is merely an 'arm or alter ego' of the state").

[4] The filing of a First Amended Complaint will not affect plaintiffs' ability to later file an amended complaint as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1007 (9th Cir. 2015).

notice of voluntary dismissal.[5]

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days of the entry of this order, plaintiffs shall file a First Amended Complaint properly alleging diversity jurisdiction, or a notice of voluntary dismissal; and

2. Failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed, without prejudice, for lack of subject-matter jurisdiction.

Dated: April 20, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19, rive.0651

---

[5] Plaintiffs would then be free to bring this action in state court instead, although they seem to believe they will not receive fair treatment there.