UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RIVERA; CARMEN MARTINEZ, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA COMMUNITY HOUSING AGENCY, et al., <br><br> Defendants. | No. 2:21–cv–0651–TLN-CKD PS <br><br><br> FINDINGS AND RECOMMENDATIONS <br><br> (ECF Nos. 1, 4) |

On April 12, 2021, plaintiffs filed a fee-paid complaint initiating this action asserting California state landlord-tenant claims against three named defendants.[1] (ECF No. 1.) Because plaintiffs failed to adequately allege the citizenship of each party named in their suit, on April 21, 2021, the undersigned ordered plaintiffs to amend the complaint to properly allege the court's diversity jurisdiction over this case within 30 days. (ECF No. 4.) If plaintiffs could not do so in good faith, they were to instead file a notice of voluntary dismissal within the same time. (Id. at 5-6.) That deadline has now passed without any response from plaintiffs. Accordingly, the undersigned recommends that this case be dismissed for lack of subject-matter jurisdiction.

---

[1] Because plaintiffs are representing themselves in this action, all pre-trial proceedings are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

As explained in the show cause order (ECF No. 4), the court cannot determine from the current complaint whether there is federal subject-matter jurisdiction over this case. None of the defendants have yet appeared or responded to the complaint, but courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Federal district courts have "diversity" jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the case is between "citizens of different States." 28 U.S.C. § 1332(a)(1). This provision requires complete diversity of citizenship between the parties. "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); see Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007). Importantly, "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Failure to specify each party's state citizenship is fatal to an assertion of diversity jurisdiction. Id. "The party asserting federal jurisdiction has the burden of establishing it." United States v. Orr Water Ditch Co., 600 F.3d 1152, 1157 (9th Cir. 2010).

Plaintiffs' complaint only briefly addresses the court's jurisdiction, stating:

> Diversity jurisdiction exists because Plaintiffs reside in Idaho and all name[d] Defendants live in, are organized in, or have as their principal place of business in California, and this Complaint seeks damages in an amount qualifying for Diversity Jurisdiction. Defendants have been unable to obtain fair legal treatment in California due to substantial judicial corruption.

(ECF No. 1 at 2, Compl. ¶ 5.) These allegations are not nearly specific enough and do not provide the information needed to assess the citizenship of each party.

The parties to this suit are the two plaintiffs (natural persons), and three named defendants: (1) California Community Housing Agency, a Joint Exercise of Powers Agency, (2) AMFP III Verdant, LLC, the former owner of the rental property where plaintiffs used to live,

2

and (3) Greene, Fidler & Chapman, LLP, a law firm allegedly hired to bring eviction proceedings against plaintiffs.

First, plaintiffs fail to allege their own citizenship. For purposes of determining diversity of citizenship, an individual person is deemed to be a citizen of the state in which he or she is "domiciled." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).

As to themselves, plaintiffs allege only that they "reside in Idaho." (ECF No. 1 at 2.) But residency is not the same as "domicile." Alleging that a person is a "resident" of a state is not adequate for purposes of alleging state citizenship, because a natural person's state citizenship is "determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter, 265 F.3d at 857. Although it appears likely that plaintiffs are citizens of Idaho, plaintiffs were required to forthrightly allege that they are "domiciled" in Idaho. They have provided no amended complaint doing so.

Second, and of greater concern to the court, plaintiffs fail to allege the necessary facts to establish the citizenship of the two unincorporated entities they are suing: AMFP III Verdant, LLC ("AMFP") and Greene, Fidler & Chapman, LLP ("Greene"). The citizenship of a limited liability company, partnership, or other unincorporated entity is the citizenship of each of its owners/members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899, 902 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). The complaint does not identify any of AMFP's or Greene's owners/members or their respective citizenships—except for alleging that Greene's "princip[al] agent" is one Gary Fidler. (ECF No. 1 at 1-2.) The show cause order explained that, without this information, the court cannot determine whether AMFP or Greene might be a citizen of the same state as plaintiffs (presumably, Idaho). Plaintiffs' brief assertion that all named defendants "live in, are organized in, or have as their principal place of business in California" does not help. (See ECF No. 1 at 2.)

3

The state in which an LLP or LLC is organized, or in which it has its principal place of business, does not establish its citizenship for purposes of diversity jurisdiction.  Rather, these entities are considered citizens of every state of which any of their owners/members are citizens.

Therefore, the court ordered that, if plaintiffs chose to file an amended complaint, such complaint must include a complete list of the members/owners of AMFP and Greene—and each member's state citizenship(s).  (ECF No. 4 at 3-4.)  The court explained in detail how plaintiffs could determine these entities' citizenships so as to sufficiently allege diversity jurisdiction.  (Id. at 4.)  The court warned that failure to so amend would result in a recommendation that the case be dismissed for lack of subject-matter jurisdiction.  (Id. at 6.)  Plaintiffs have not submitted an amended complaint addressing the jurisdictional deficiencies, or responded to the court's prior order at all.  Accordingly, the undersigned recommends dismissing this case without prejudice for lack of subject-matter jurisdiction.  See Orr Water Ditch Co., 600 F.3d at 1157 ("The party asserting federal jurisdiction has the burden of establishing it.").

For these reasons, it is RECOMMENDED that:

1. The action be DISMISSED without prejudice and without leave to amend, for lack of subject-matter jurisdiction; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 26, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19, rive.0651