UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RIVERA; CARMEN MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA COMMUNITY HOUSING AGENCY, et al.,<br><br>Defendants. | No.  2:21–cv–0651–TLN-CKD PS<br><br><br>ORDER TO SHOW CAUSE |

After the original service deadline passed without any action by plaintiffs, the court of its own accord on August 20, 2021 granted plaintiffs a 30-day extension of time to file proof of service of the summons and the First Amended Complaint—or proof of waiver of service—for all defendants.  (ECF Nos. 8, 9.)  On September 17, 2021, plaintiffs filed a declaration titled "Proof of Service," but which is not in fact proof of service.  (ECF No. 10.)  Accordingly, the undersigned orders plaintiffs to show cause why this case should not be dismissed for failure to effect timely service of process under Federal Rule of Civil Procedure 4(m).  The filing of actual proofs of service, or executed waivers of service, **by October 20, 2021** will satisfy this order to show cause.

////

////

1

Plaintiffs' September 17, 2021 filing contains a declaration of having, on September 13, 2021,[1] mailed each of the three defendants "a copy of the First Amended Complaint and of a Notice of a Lawsuit and Request to Waive Service of a Summons"—along with copies of each of the waiver request forms signed by plaintiffs. (ECF No. 10 at 1-5.)  It is unclear why plaintiffs entitled their declaration as "Proof of Service." (<u>Id.</u> at 1.) It does not prove service. It merely informs the court that plaintiffs have mailed <u>requests</u> for defendants to waive service of process in this case. Mailing these requests for service waivers does not satisfy the court's previous order to file by September 20, 2021 proofs of <u>actual</u> service, or proof of a defendant's <u>actual agreement</u> to waive service. (<u>See</u> ECF No. 9 at 2.) As far as the court can tell, no defendant has yet been served, or waived service, in this case.

As explained in the prior order, if a defendant is not timely served,

> the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The court has already extended the time for service once. The court now notifies plaintiffs that, if they fail to file proofs of service or executed waivers of service by October 20, 2021, the undersigned will recommend dismissal of their case as to any defendant for whom no proof of service or proof of waiver of service has been filed by that date.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs must show cause why this case should not be dismissed under Fed. R. Civ. P. 4(m) for failure to timely effect service of process;

////

////

////

---

[1] It is unknown why plaintiffs waited this long to transmit their requests for service waiver to the defendants, given that the court originally ordered plaintiffs to complete service of process (or to obtain waivers of service) by August 14, 2021. (<u>See</u> ECF No. 8 at 2.)

2

2. No later than **October 20, 2021**, plaintiffs shall file with the court as to each named defendant, either:

    a. A certificate of service proving that the defendant has been served, or

    b. A copy of that defendant's signed waiver of service; and

3. Failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed in whole or in part pursuant to Federal Rules of Civil Procedure 4(m) or 41(b) (authorizing dismissal with prejudice for failure to follow court orders).

Dated: September 24, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19, rive.0651