UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RIVERA; CARMEN MARTINEZ,<br><br>              Plaintiffs,<br><br>    v.<br><br>CALIFORNIA COMMUNITY HOUSING AGENCY, et al.,<br><br>              Defendants. | No. 2:21–cv–0651–TLN-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO SERVE |

On April 12, 2021, plaintiffs, who are representing themselves, filed a fee-paid complaint against defendants.[1] (ECF No. 1.) The next day, the Clerk of Court issued service documents which were served on plaintiffs by mail. (ECF Nos. 2, 3; Dkt. Text 4/13/2021.) On April 21, 2021, the undersigned ordered plaintiffs to amend the complaint to properly allege the court's diversity jurisdiction over the case. (ECF No. 4.) On June 9, 2021, plaintiffs filed a First Amended Complaint that addressed the jurisdictional defects identified in the show cause order. (ECF No. 7.) On June 14, 2021, the court ordered plaintiffs to file proof of service of the summons and the First Amended Complaint—or a waiver of service—for all three named

---

[1] Because plaintiffs are representing themselves in this action, all pre-trial proceedings are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

defendants within 60 days. (ECF No. 8.) After that deadline passed without any action by plaintiffs, the court of its own accord on August 20, 2021 granted plaintiffs an additional 30 days to accomplish service. (ECF No. 9.)

On September 17, 2021, plaintiffs filed documents informing the court that they had mailed service waiver requests to defendants (ECF No. 10); but they did not file proof of actual service, or proof of any defendant's agreement to waive service by the September 20th deadline. On September 24, 2021, the undersigned issued an order to show cause, informing plaintiffs that if they failed to file proofs of service or executed waivers of service by October 20, 2021, the undersigned would "recommend dismissal of their case as to any defendant for whom no proof of service or proof of waiver of service has been filed by that date."[2] (ECF No. 11 at 2.) That extended deadline has passed, and plaintiffs again have failed to demonstrate that they have served any defendant.

As explained in the court's prior orders, service of the summons and complaint must occur within 90 days of filing the complaint, unless otherwise ordered. Fed. R. Civ. P. 4(c)(1) & (m). If a defendant is not served by the deadline, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Here, plaintiffs were provided service documents in April 2021, and after establishing subject matter jurisdiction, were granted additional time to effectuate service both in August and September. Six months have now passed without service of process. Self-represented plaintiffs are given great latitude in prosecuting their cases, given their unfamiliarity with the legal system and federal rules. See, e.g., Eriksen v. Washington State Patrol, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) ("Generally pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.") (quoting Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993)). However, pro se status itself is not sufficient to show good cause for failure to serve. Townsel v. Contra Costa County, 820 F.2d

---

[2] On October 1, 2021, one week after issuance of the show cause order, plaintiffs notified the court of a change of address (ECF Nos. 12, 13); however, the show cause order was not returned as undeliverable, and its service on plaintiffs' then-current address of record is deemed fully effective under Local Rule 182(f).

2

319, 320 (9th Cir. 1987) (noting that ignorance of or confusion about service requirements does not constitute "good cause" for failure to serve).  Given the lack of good cause and failure to serve, despite multiple extensions, this case should be dismissed.  See Fed. R. Civ. P. 4(m); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiffs' claims be DISMISSED WITHOUT PREJUDICE, and the Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 26, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19,rive.0651

3